IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 18-cv-00533-CMA-SKC

RAKESH MAHAJAN,

    Plaintiff,

v.

BOXCAR HOLDINGS, LLC, a Colorado LLC,
NICK GULOTTA, and
CARRIE GULOTTA,

    Defendants.

---

**ORDER AWARDING PLAINTIFF DAMAGES AND GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS**

---

This matter is before the Court upon Plaintiff Rakesh Mahajan's Updated Declaration Calculating Damages (Doc. ## 73, 73-1) and his Motion for Attorney Fees and Costs (Doc. # 74). For the reasons described below, the Court awards damages to Plaintiff and grants his Motion for Attorney Fees and Costs.

## I.     BACKGROUND

The Court's January 31, 2019 Order Granting Plaintiff's Motion for Summary Judgment provides a thorough recitation of the factual and procedural background of this case. *See* (Doc. # 72.) That Order is incorporated herein by reference, and the facts will be repeated only to the extent necessary to address the filings presently before the Court.

Plaintiff initiated this action on March 5, 2018, asserting two causes of action: (1) breach of contract of three Notes against Defendant Boxcar Holdings, LLC ("Defendant Boxcar"), and (2) breach of contract of a Guaranty against Defendants Nick Gulotta and Carrie Gulotta (the "Gulotta Defendants"). (Doc. # 8.)

On January 31, 2019, this Court entered summary judgment in Plaintiff's favor on both claims. (Doc. # 72.) As to damages, because it had been nearly five months since Plaintiff last calculated the damages he was due under the three Notes and the Guaranty, the Court ordered Plaintiff to submit an updated affidavit as to principal and interest Defendants owed him. (*Id.* at 15–16.) The Court gave Defendants seven days from the date Plaintiff filed his updated affidavit to file a response, if any, to Plaintiff's calculation of damages. (*Id.* at 16.) With respect to Plaintiff's request for attorney fees and costs, the Court directed Plaintiff to file a motion within thirty days. (*Id.*)

On February 7, 2019, Plaintiff submitted an updated declaration concerning his claim for damages. (Doc. # 73-1.) Defendants have not responded to Plaintiff's calculation of damages.

On February 13, 2019, Plaintiff filed his Motion for Attorney Fees and Costs. (Doc. # 74.) Defendants have not filed any responses to the Motion.

II. **PLAINTIFF'S UPDATED DECLARATION CALCULATING DAMAGES**

The Court previously explained why Plaintiff was entitled to summary judgment and an award of damages in its January 31, 2019 Order. *See* (Doc. # 72.) All that is left for the Court is to determine the amount of damages Plaintiff is entitled to recover from Defendants.

In his Updated Declaration Calculating Damages, Plaintiff incorporated his previous declaration regarding damages (Doc. # 49-1 at 109–11), which in turn incorporated a previously-filed explanation of how he calculated damages under the Notes and Guaranty, see (Doc. # 33). The Court is satisfied by Plaintiff's Updated Declaration and the explanations he incorporates from previous filings because Plaintiff clearly and concisely shows how he calculated damages by way of a chart that takes into account the loan principals, interest rates, payments made, and late fees. See (Doc. # 73-1 at 2.) Defendants have not objected to Plaintiff's calculations.

Accordingly, the Court enters judgment in the amount of $1,428,590.88 in favor of Plaintiff and against Defendant Boxcar for its breach of contract of the three Notes. It enters judgment in the amount of $857,666.07 in favor of Plaintiff and against the Gulotta Defendants for their breach of contract of the Guaranty.

### III.     PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS

Plaintiff asserts in his Motion for Attorney Fees and Costs that the "unequivocal language" of the Notes and Guaranty "require Defendants to reimburse [him] for his attorney fees and costs incurred in enforcing the agreements." (Doc. # 74 at 1–2.) He requests that the Court "award him $71,577.65, his reasonable attorney fees and costs." (*Id.* at 8.) Defendants have not responded to Plaintiff's Motion for Attorney Fees and Costs.

## A. LEGAL STANDARD

### 1. Entitlement to attorney fees and costs under contractual provisions

Colorado follows the American Rule that in the absence of a statute, court rule, or private contractual provision to the contrary, attorney fees are not recoverable by the prevailing party. *Morris v. Belfor USA Grp., Inc.*, 201 P.3d 1253, 1259 (Colo. App. 2008) (citing *In re Estate of Klarner*, 113 P.3d 150, 157 (Colo. 2005)). "Whether a contract provides for an award of attorney fees is a question of interpretation that [the Court] review[s] de novo." *Butler v. Lembeck*, 182 P.2d 1185, 1188 (Colo. App. 2007). "It is axiomatic that a contract should be interpreted 'according to the plain and ordinary meaning of its terms.'" *Morris*, 201 P.3d at 1259 (quoting *Lane v. Urgitus*, 145 P.3d 911, 913 (Colo. 2006)). Accordingly, fee-shifting provisions in a contract are to be interpreted in a common-sense manner. *Butler*, 182 P.3d at 1189 (citing *Agritrack, Inc. v. DeJohn Housemoving, Inc.*, 25 P.3d 1187, 1192 (Colo. 2001)).

### 2. Reasonableness of attorney fees

Determination of the amount and reasonableness of attorney fees is within the district court's discretion. *Wright v. U-Let-Us Skycap Servs., Inc.*, 648 F. Supp. 1216, 1218 (D. Colo. 1986). When evaluating a motion for attorney fees, the Court follows the three-step process set forth in *Ramos v. Lamm*, 713 F.2d 546 (10th Cir. 1983), *overruled on other grounds, Penn. v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 725 (1987).

First, the court determines the number of hours reasonably spent by counsel. *Malloy v. Monahan*, 73 F.3d 1012, 1017 (10th Cir. 1996); *Ramos*, 713 F.2d at 553.

Factors considered in this reasonableness determination include: (1) whether the amount of time spent on a particular task appears reasonable in light of the complexity of the case, the strategies pursued, and the responses necessitated by an opponent's maneuvering; (2) whether the amount of time spent is reasonable in relation to counsel's experience; and (3) whether the billing entries are sufficiently detailed, showing how much time was allotted to a specific task. *Rocky Mountain Christian Church v. Bd. of Cnty. Comm'rs of Boulder Cnty.*, No. 06-cv-00554, 2010 WL 3703224, at *2-3 (D. Colo. Sept. 13, 2010). Courts need not "identify and justify every hour allowed or disallowed, as doing so would run counter to the Supreme Court's warning that a 'request for attorney's fees should not result in a second major litigation.'" *Malloy*, 73 F.3d at 1018 (quoting *Hensley*, 461 U.S. at 437); *Fox v. Vice*, 131 S. Ct. 2205, 2216 (2011) ("The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection.").

Second, the court must determine a reasonable hourly rate of compensation, based on "what lawyers of comparable skill and experience [in the given practice area] would charge for their time." *Ramos*, 713 F.2d at 555. "The party seeking the award has the burden of persuading the court that the hours expended and the rate sought are both reasonable." *LaSelle v. Public Serv. Co. of Colo. Severance Pay Plan*, 988 F. Supp. 1348, 1351 (D. Colo. 1997); *Malloy*, 73 F.3d at 1018.

Third, the court multiplies the reasonable hourly rate with the number of hours reasonably expended to determine the "lodestar" amount. *LaSelle*, 988 F. Supp. at 1351; *Hensley*, 461 U.S. at 433.

**B.   ANALYSIS**

   1.   <u>Plaintiff is entitled to recover attorney fees and costs pursuant to the plain language of the Notes and the Guaranty</u>

The three Notes state that "Maker [Defendant Boxcar] . . . agrees to pay all costs and expenses, including attorney's fees, which may be incurred in the collection of this Note or any part thereof, whether or not litigation is commenced." (Doc. # 49-1 at 3–4, 21–22, 26–27.)  The Guaranty states "Guarantor [the Gulotta Defendants] must reimburse Creditor [Plaintiff] for all costs, attorney fees and other expenses that Creditor expends or incurs in collecting or attempting to collect the Indebtedness or in enforcing this Guaranty." (*Id.* at 17.)  The language of these contracts make indisputably clear that Plaintiff is entitled to recover attorney fees and costs he has incurred in this litigation.

   2.   <u>Plaintiff's requested attorney fees are reasonable</u>

Plaintiff requests $66,095.18 in attorney fees.  (Doc. # 74 at 4–5.)  Applying the three-step process set forth in *Ramos*, 713 F.2d at 553–59, the Court concludes that Plaintiff's request is reasonable and awards him that amount in attorney fees.

At the first step, the Court finds that Plaintiff's counsel spent a reasonable number of hours—158.1 hours—on this litigation.  *See* (Doc. # 74 at 6.)  As Plaintiff explains in his Motion, given that "Defendants fought Plaintiff at every juncture of the case" and a significant amount of money was at stake, counsel's legal services were necessary.  These legal services included "preparing the complaint, coordinating service of the complaint (which was complex), managing document discovery, attending two depositions, briefing on the motion for summary judgment, drafting the motion for

default judgment and motions to compel, and handling various discovery and scheduling disputes and hearings." (*Id.*)  The monthly invoices for Plaintiff's counsel detail this work.  *See* (Doc. ## 74-2–74-12.)

Second, Plaintiff has satisfied his burden of persuading the Court that the rates sought for his counsel's work is reasonable.  *See LaSelle*, 988 F.Supp. at 1351.  Plaintiff adequately explains the hourly rates of each of the three atttorneys and one paralegal who worked on his behalf, what their roles were, and how they expended the hours they billed to him.  (Doc. # 74 at 4–5.)  Based on the absence of any objections by Defendants and the Court's own familiarity with the rates charged by lawyers in the Denver metropolitan area, the Court concludes counsel's rates are reasonable.

At the third step, multiplying the hours worked by Plaintiff's counsel by their hourly rates, the Court agrees with Plaintiff that he is entitled to award of $66,905.18 in attorney fees.

3. <u>Plaintiff's requested costs are reasonable</u>

Plaintiff also requests an award of $4,672.47 in costs.  (*Id.* at 7.)  The Court has reviewed Plaintiff's accounting of these costs and the corresponding exhibit (Doc. # 74-13) and is satisfied that this request for costs is reasonable.  Defendants have not objected to this award of costs.

## IV. **CONCLUSION**

The Clerk of the Court is ORDERED to enter final judgment in the amount of $1,428,590.88 in favor of Plaintiff and against Defendant Boxcar Holdings, LLC, and to

enter final judgment in the amount of $857,666.07 in favor of Plaintiff and against the Defendants Nick Gulotta and Carrie Gulotta. It is

FURTHERED ORDERED that Plaintiff's Motion for Attorney Fees and Costs (Doc. # 74) is GRANTED. Plaintiff is awarded attorney fees and costs against all Defendants, in the amount of $71,577.65.

DATED: April 23, 2019

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge